IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Cricket Communications, Inc.,<br><br>　　　　　　Defendant. | No. CV 13-01052-TUC-CKJ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Before the Court are Defendant Cricket Communication, Inc's ("Cricket's") motion to dismiss (doc. 4) and motion to dismiss the amended complaint (Doc. 13); Plaintiff Richard and Maria Shupe (the "Shupes' ") motion to remand (Doc. 5); Plaintiff Richard Shupe's motion to remand to state court (Doc. 12) and motion to amend or correct the Amended Complaint (Doc. 19).

　　　　Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 14.)

　　　　Because oral argument would not aid the Court's decisional process and the briefing is adequate, Plaintiff's request for oral argument will be denied. *See generally Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

For the reasons stated below, the Magistrate Judge recommends that the motions to remand be denied, that Defendant's motions to dismiss the complaint be denied as moot, and motion to dismiss the amended complaint be granted, and Plaintiff's motion to amend be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2013, the "Shupes" filed a complaint ("Complaint") in Arizona Superior Court, County of Pima, seeking compensatory damages in the amount of $150,000.00 from Defendant based on allegations of fraud in the inducement and negligent misrepresentation. *See* Notice of Removal (Doc. 1), Ex. 1. On August 29, 2013, Defendant Cricket filed a notice of removal in this court alleging diversity jurisdiction. Notice of Removal, ¶ 7. The Shupes attempted to amend the Complaint filed in the Superior Court, but their amended complaint was not filed until September 3, 2013, after the case had been removed to this Court. *See* Response to Motion to Remand (Doc. 15) Ex. A.

On September 5, 2013 Defendant filed a motion to dismiss and compel arbitration asserting first, that the terms and conditions of Cricket service contain an enforceable arbitration clause, and second, that the claims were barred by *res judicata* because the Shupes had brought these same claims on multiple occasions, resulting in both state and federal courts dismissing the claims and compelling the Shupes to arbitrate. (Doc. 4.)

On September 5, 2013, the Shupes filed a motion to remand, stating they had amended their Complaint, attaching an amended complaint indicating it was prepared for filing in Pima County Superior Court and mailed to Defendant, as an exhibit to their

motion to remand. (Doc. 5.) The amended complaint contained only a claim for negligent misrepresentation. *See* Motion to Remand (Doc. 5), Ex. 1.

On September 9, 2013, Plaintiff Richard Shupe filed a "Notice of Error" indicating that Maria Shupe's name was wrongly included in the both the amended complaint and the motion to remand due to a "type-o". (Doc. 10.) Plaintiff Richard Shupe filed an amended complaint ("Amended Complaint") on the same date. (Doc. 11.) Though the Amended Complaint is captioned as a complaint filed with Pima County Superior Court and certified delivery to Defendant on August 29, 2013, it is captioned with the case number from the present case before this Court and reflects filing in this Court's docket on September 9, 2013. On September 9, 2013, Plaintiff also filed a response to Defendant's motion to dismiss and compel arbitration (Doc. 9); and a second motion to remand (Doc. 12). The motion to dismiss is fully briefed, (Docs. 4, 9, 13, 16, 18), as are the motions to remand (Doc. 5, 12, 15, 17).

Finally, Plaintiff moves for leave to amend his complaint, asserting that he has "made numerous errors in the construction of his complaint" and "caused confusion by his apparent inability to segregate his complaint from any previously [filed] actions by his spouse." (Doc. 19)  The motion for leave to amend is fully briefed. (Docs. 19, 20, 21.)

**II.    DISCUSSION**

    A.    <u>Motions to Remand (Docs 5, 12)</u>

Federal courts have jurisdiction over cases arising between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs." 28 U.S.C. § 1332(a)(1). In an action removed solely on the basis of diversity jurisdiction, removal is proper only where none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). This burden is satisfied, however, where "the plaintiff claims a sum greater than the jurisdictional requirement." *Id.*

District Court may only remand a case if the Court finds that (1) there is a defect in the removal process, or (2) the District Court lacks subject-matter jurisdiction. See 28 U.S.C. § 1447(c); *Burnette v. Godshall*, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993), aff'd, *Burnette v. Lockheed Missiles & Space Co., Inc.*, 72 F.3d 766 (9th Cir. 1995).

Plaintiffs initiated this action in Pima County Superior Court on July 2, 2013. Defendant Cricket removed to federal court on the basis of diversity on August 29, 2013. Notice of Removal (Doc. 1). The Shupes attempted to amend their complaint in Pima County Superior Court, but failed to do so prior to removal. *See* Response to Motion to Remand (Doc. 15) Ex. A. The Shupes' first motion to remand (Doc. 5) asserts that there is no diversity in this case and the amount in controversy is less than $75,000 based on the allegations contained in the attempted amendment.

Removal is accomplished by a defendant filing a verified petition stating the facts which entitle him to removal, together with a copy of all process, pleadings and orders served upon him in the action, and a bond for costs. *See* 28 U.S.C. § 1446; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064(9th Cir. 1979). There is no dispute that

removal was accomplished in this case on August 29, 2013. Because the Shupes' amended complaint, filed in Pima County Superior Court on September 3, 2013 was filed in Superior Court five days after the notice of removal was filed, the Shupe's cannot rely on this complaint to establish that the amount in controversy defeats diversity jurisdiction. In determining whether a defendant properly removed a complaint, a court must examine the complaint as it existed when the petition for removal was filed. *See East Coalinga Oil Fields Corp. v. Pure Oil Co.*, 66 F.Supp. 716, 717 (D.C. Cal 1946). Once removal is effected, the state court's jurisdiction over the case ceases, and all subsequent proceedings in that court are void. *See Madisonville Traction Co. v. St. Bernard Mining Co.*, 196 U.S. 239 (1905) and cases cited therein; *Western Indem. Co.v. Kendall*, 27 Ariz. 342 (1925). Thus, amended complaints filed in state court have no effect in cases previously removed to federal court. *See Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, 836 F.2d 366, 367 (7th Cir. 1988). Therefore, in the instant case, the Court will examine the complaint that was in effect at the time the Shupes removed the case, and the Court will ignore the amended complaints filed by the plaintiffs in state court after the notice of removal was filed. Plaintiffs did not assert in their motion to remand that the original complaint was improperly removed. Plaintiffs' assertion that the amount in controversy was less than $75,000 is based on the amended complaint. Plaintiffs' assertions that there is no federal question or that the cause of action occurred in Arizona do not defeat diversity jurisdiction. Upon review of the record[1], the Magistrate Judge

---

[1] Despite Plaintiffs' assertion, the Magistrate Judge finds that the record establishes diversity of citizenship. *See* Notice of Removal, ¶ 5.

finds no defect in removal. Accordingly, the Magistrate Judge recommends denial of the Plaintiffs' first motion to remand (Doc. 5).

Plaintiff Richard Shupe filed his Amended Complaint (Doc. 11) contemporaneous with a second motion to remand (Doc. 12), asserting that there is no diversity in this case because Cricket is an Arizona citizen and Plaintiff's Amended Complaint seeks less than $75,000. Plaintiff asserts that the amended complaint filed in Pima County Superior Court on September 3, 2013, is the operative complaint for purposes of the motion to remand because he mailed the amended complaint prior to receiving the Defendant's notice of removal. Cricket opposes the motion, asserting that its citizenship is diverse from Plaintiff's because it is incorporated in Delaware and has its principal place of business in the State of California, and the operative complaint for the purposes of determining diversity jurisdiction is the complaint and facts at the time of removal. The undersigned agrees, and recommends that the second motion to remand (Doc. 12) be denied.

The Amended Complaint filed by Plaintiff asserts that the Defendant is a corporation with a principle address in Delaware, incorporated "with the SOS" and who "maintains a statutory agent in Phoenix, AZ." Plaintiff asserts that this case should be remanded because his Amended Complaint conformed to another case he filed in the U.S. District Court, presided over by the Honorable Judge Jorgenson, in which he filed claims seeking less than $60,000 against a corporation which had its principal place of business in another state, but was listed with the "S.O.S." and had a statutory agent, "exactly like the Defendant in this case." *See* Reply to Motion to Remand (Doc. 17), at 1.

The Court rejects Plaintiff's arguments because the Amended Complaint is not controlling for purposes of determining whether or not removal was proper, and because the record demonstrates that Defendant is not a citizen of Arizona for jurisdictional purposes. 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" Under this provision, and based on the record before this Court, Cricket is not a citizen of Arizona and is thus diverse from Plaintiff for jurisdictional purposes.

The Shupes sought $150,000 in compensatory damages in their verified complaint removed to federal court. Notice of Removal, (Doc. 1) Ex. 1. Since the existence or nonexistence of the required amount in controversy is determined as of the time the complaint was removed, the jurisdictional minimum is satisfied. In his reply, Plaintiff Richard Shupe argues that the Amended Complaint removed Plaintiff Maria Shupe and the fraud claim from the Complaint and brought the amount in controversy below this Court's jurisdictional minimum. Reply to Response to Motion to Remand (Doc. 17.) Events "occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *See also Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.1999); *Northeast Clackamas County Elec. Co-op. v. Cont'l Cas. Co.*, 221 F.2d 329, 332 (9th Cir.1955). Under *St. Paul*, Richard Shupe's decision to pursue a single claim for less than $75,000 does not divest the district court of jurisdiction. Accordingly, the Magistrate Judge recommends that the District Judge deny

the second motion to remand (Doc. 12).

B. <u>Motion to Dismiss & Compel Arbitration ( Doc. 4); Motion to Dismiss Amended Complaint & Compel Arbitration (Doc. 13)</u>

Defendant filed a motion to dismiss the Shupes' original Complaint, asserting that the Shupes' claim is barred by *res judicata* because the District Court previously dismissed the claims and compelled arbitration. *See* Motion to Dismiss (Doc. 4) at 2. Defendant also asserts that these claims are subject to dismissal because the Terms and Conditions of Cricket Service (the "Terms & Conditions") contain an enforceable arbitration clause, to which Plaintiff Maria Shupe agreed when she placed a call using her newly purchased Cricket phone. *Id*. at 1-2. In response, (Doc. 9), Plaintiff Richard Shupe argues that his Amended Complaint, filed after the Defendant's motion to dismiss, renders the motion moot, and that he is not subject to arbitration and cannot be compelled to arbitration. *Id*. at 1. Accordingly, the Magistrate Judge recommends denying as moot the Defendant's original motion to dismiss (Doc. 4).

Defendant reasserted their arguments from the motion to dismiss the original complaint and moved to dismiss the Amended Complaint (Doc. 13), arguing that the Amended Complaint is still subject to dismissal because 1) as a third-party beneficiary, Richard Shupe is still subject to the arbitration clause in Maria Shupe's cell phone contract; (2) without Ms. Shupe as a party, Richard Shupe lacks standing; (3) the Amended Complaint states no claim for negligent misrepresentation; and (4) *res judicata* bars Richard Shupe's claim whether he styles it as fraud in the inducement or as negligent misrepresentation, and whether or not the judgment in the prior action was

- 8 -

against him personally. Plaintiff opposes the reassertion of the motion to dismiss, arguing that the Plaintiff's claim has nothing to do with the purchase of his wife's cell phone. *See* Plaintiff's Rebuttal to Defendant's Motion to Dismiss/Compel Arbitration (Doc. 16), at 1. He further denies that he is a third-party beneficiary, and argues that "[t]he Plaintiffs claim did not arise from any contract made by himself or his wife." *Id*. at 2. Defendant counters Plaintiff's arguments, asserting that Plaintiff lacks standing, because, by his own admission, Richard Shupe is not a Cricket subscriber; (*see id*. at 4 ("The Plaintiff at said time, had his own cell phone, of which service was provided by a company other than the Defendant."). Alternatively, if he does have an injury sufficient to confer standing, it arises from the purchase of his wife's cell phone, and thus must be compelled to arbitration and barred by res judicata. Reply to Motion to Dismiss Amended Complaint & Compel Arbitration (Doc. 18) at 1.

In response to Defendant's arguments, Plaintiff filed a motion to amend, acknowledging errors in the construction of his complaint and the "confusion caused by his apparent inability to segregate his compliant from any previously filed actions by his spouse" and attempting to state his claim in a "much more precise and clear manner." (Doc. 19).

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009),

and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). Nor must the court accept unreasonable inferences or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

A *pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 677 F.3d 338,  (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (*per curiam*)); *Haines v. Kerner*, 404 U.S. 519, (1972). Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cook, Perkiss & Liehe, Inc., v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*per curium*).

Although courts will not normally look beyond the pleadings in resolving a Rule

12(b)(6) motion, *Lee v. City of Los Angeles*, *250 F.3d 668*, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* A court may disregard allegations of the complaint that are contradicted by attached exhibits. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986) (*abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

Arizona recognizes the tort of negligent misrepresentation. *See Van Buren v. Pima Community College District Bd.*, 113 Ariz. 85, 546 P.2d 821 (1976); *Arizona Title Ins. & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz.App. 486 (1971). Cricket may only be liable for negligent misrepresentation "if [it] fails to exercise reasonable care and competence in obtaining or communicating information and thereby, in the course of his business or employment, provides false information for the guidance of others in their business transactions, causing the recipients of the information to incur damages because they justifiably relied on the false information." *PLM Tax Certificate Program 1991-92, L.P. v. Schweikert*, 216 Ariz. 47, 50 ¶ 18, (App. 2007). To be found liable, the person charged

with negligent misrepresentation must have owed a duty to the injured party. *Van Buren v. Pima Cmty. Coll. Dist. Bd.*, 113 Ariz. 85, 87 (1976).

Plaintiff acknowledges in response to the Defendant's Reply to its Motion to Dismiss the Amended Complaint (Doc. 18) that the Plaintiff "has made numerous errors in the construction of his [Amended] [C]omplaint." Motion for Leave to Amend Plaintiff's Complaint (Doc. 19), at 1. The undersigned agrees with Defendant's assertion that Plaintiff's Amended Complaint fails when considered under Fed. R. Civ. P. 12(b)(6). Plaintiff Richard Shupe did not plead in the Amended Complaint that Cricket owed him a duty of care, that he relied on the purportedly false information, that he took any action based on the purportedly false information, or that there is any causal link between the purportedly false information and his purported damages. *See generally*, Amended Complaint.

In addition, the Amended Complaint fails to comport with Fed. R. Civ. P. 9(b) in that it does not "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Gould v. M & I Marshall & Isley Bank*, 860 F. Supp. 2d 985, 988, n.2 (D. Ariz. 2012) ("Negligent misrepresentation must also meet the particularity standards of 9(b)."). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are

sufficient, *id*. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false."

Neither is Plaintiff's pleading as a whole simple, concise, or direct, *see* Fed.R.Civ.P. 8(d)(1), as evidenced by both the Defendant's and the undersigned's confusion regarding the operative facts of Plaintiff's Amended Complaint. Not only does the Amended Complaint fail to state a claim, it fails to indicate when Plaintiff's claim arose, if it relates to the original Complaint, or, indeed, if it concerns recent events allegedly giving rise to a separate and distinct new cause of action which might more accurately be characterized as a supplemental pleading, subject to discretionary review under Fed.R.Civ.P. 15(d), rather than an amendment as of right, under Fed.R.Civ.P. 15(a).

It would be practically impossible to defend the Amended Complaint based on the allegations contained therein and in any of the subsequent motions submitted by Plaintiff. This Court finds that this alone is sufficient reason to dismiss the Amended Complaint, and recommends that the District Court do so.  The next issue, then, is whether Plaintiff should be given leave to amend his Complaint.  This Court looks to the specific allegations contained in the Second Amended Complaint and the additional papers to determine if the deficiencies of the Complaint are cured by Plaintiff's proposed amendment.

Finding, as the undersigned does, that the second amended complaint does not cure the deficiencies stated above, (*see* discussion below) and because the undersigned cannot say that the claims in the Amended Complaint could not possibly be cured by the

allegation of other facts, the Magistrate Judge recommends the District Court give Plaintiff leave to amend, rather than grant Defendants motion to dismiss with prejudice. The Court should not otherwise dismiss with prejudice unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997).

    C.    <u>Motion to Amend (Doc. 19)</u>

Plaintiff has filed a motion to amend, acknowledging errors in the construction of his complaint and the "confusion caused by his apparent inability to segregate his compliant from any previously filed actions by his spouse" and attempting to state his claim in a "much more precise and clear manner." (Doc. 19). Defendant opposes the motion, arguing that it is brought with undue delay and in bad faith, and that any amendment would be futile. Response to Motion to Amend. (Doc. 20.)

Plaintiff has attached a proposed draft amended complaint ("Second Amended Complaint" or "SAC") (Doc. 19, at 2-4) which is not in compliance with this Court's local rules. *See* Rule 15.1, Local Rules of Practice of the U.S. District Court for the District of Arizona (LRCiv)  ("[a] party who moves for leave to amend a pleading...must attach a copy of the proposed amended pleading as an exhibit to the motion…, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underling the text to be added.") Although Plaintiff attached a strikeout only version of what appears to be the amended complaint filed in Pima County Superior Court, it does not correspond to the Plaintiff's Second

Amended Complaint he has attached to his motion to amend. The undersigned hereby notifies Plaintiff that any future proposed amended complaints must be submitted in compliance with LRCiv 15.1. Additionally, the proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.

Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that in all cases not governed by Rule 15(a)(1), such as the case here, "a party may amend its pleading only with the court's leave. The court should freely give leave when justice so requires." The policy in favor of leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This is particularly true where, as in this case, the party seeking leave to amend is a *pro se* litigant. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny *pro se* litigants leave to amend."); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*pro se* litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action"). Indeed, courts in this Circuit have "long sought to ensure that *pro se* litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy." *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

opposing party and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The third factor, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). A court may also be persuaded to deny leave under only the fifth factor, consideration of previous amendments, "when the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)(citations omitted).

Defendant asserts that the Court should deny leave to amend because of undue delay and because Plaintiff seeks to amend in bad faith. Plaintiff responds that it is unfair to characterize his legal ignorance as bad faith, and that as an unrepresented litigant, it is "beyond ludicrous" to expect him to know "when it's [sic] a proper time to include information." Plaintiff explains:

> When the Plaintiff filed his complaint, the Plaintiff stated numerous times that his complaint had nothing to do with his wife's prior cell phone service with the Defendant. That the Defendant chose not to pay attention to these assertions is not a fault belonging to the Plaintiff. The Plaintiff assumed that as he made the assertion that this complaint had nothing to with his wife's cell phone, that it would be clear that his cell phone was the foundation of his complaint. The Plaintiff also assumed, and rightfully so, that the Defendant had knowledge of his own personal service with Cricket. It is equally ludicrous to assert they didn't look into the matter.

Reply to Response to Motion to Amend (Doc. 21), at 1-2. Plaintiff's argument demonstrates the deficiencies in his SAC. Plaintiff acknowledges that although he may have stated what the complaint *is not about*, he leaves the Court, and Defendant, to make

assumptions about what Plaintiff's claim actually is. Whether Defendant chooses to "look into the matter" or not to try to determine what the operative facts of Plaintiff's claim are, Defendant shouldn't have to; it should be evident from the compliant itself. Nor would Defendant, in this instance, have any reason to search its own records since, in response to Defendant's motion to dismiss the Amended Complaint, Plaintiff explicitly disavowed that his claim arose from any contract made by himself or his wife, and also claimed that his phone service was proved by a company other than Defendant. *See* Doc. 16, at 2, 4. When Cricket moved to dismiss and compel arbitration, he did not state in response that the lawsuit was based on his service, or state that he had opted out of arbitration.

      Plaintiff essentially seeks to litigate many events which may or may not have occurred since the filing of his original Complaint, and may or may not be related to the original Complaint at all. The vague factual contentions of the SAC make it impossible to determine what Plaintiff knew or should have known at the time of the original pleading. Plaintiff should not be permitted to cause undue delay by adding these claims at this time if he clearly had the knowledge of the factual events giving rise to his claims and the opportunity to include these claims in his earlier pleadings. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Richard Shupe's motion and proposed Second Amended Complaint contain no newly discovered information or argument that explains such a delay. The Ninth Circuit has noted that a district court properly exercises its discretion

when it considers, as one factor in its determination, whether a plaintiff provides a "satisfactory explanation for his failure to fully develop his contentions originally." *Nunes v Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)(citations omitted). Plaintiff provides no explanation for his delay in asserting the facts and theories raised by the amendment of the original pleading, suggesting a finding of undue delay. A finding of undue delay by itself, however, would be insufficient to justify denying the motion to amend. *Bowles v. Reade*, 198 F.3d 75, 758 (9th Cir. 1999). Because Defendant has not filed an answer and no discovery has been undertaken, the undersigned is not persuaded that undue delay in this case alone warrants denial of leave to amend. Nonetheless, consideration of the futility of Plaintiff's proposed amendment leads to the conclusion that leave to amend should be denied. "Futility of amendment, can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The Court finds Cricket's contentions concerning the futility of Plaintiff's proposed additional claims to be convincing. Defendant argues that Plaintiff cannot allege that he reasonably relied on Cricket's advertisements as purported misrepresentations, and, in addition, that the SAC fails to comport with Fed.R.Civ.P. 9(b). Reply to Response to Motion to Amend (Doc. 20), at 3-4.

The SAC alleges that Defendant owes all consumers a duty of care to provide the consumers with reliable information, (SAC, ¶ 1), but that Defendant intentionally misrepresents, for the purpose of inducing consumers to purchase goods and services from the Defendant, that they have "NO CONTRACTS", when they in fact do have binding contracts. SAC, "Statement of Claim" at 2. The SAC further alleges that

Plaintiff, relying upon the Defendant's advertisements to purchase his phone and service, entered into a contract with Defendant and is a subscriber of the Defendant's cell phone service. SAC at 2-3, ¶¶ g, h, and k.

Defendant contends that if Plaintiff's claims are based on service he initiated in July and August, 2013[2], there can be no allegation that he reasonably relied on Cricket's advertisements as purported misrepresentations due to the fact that he has been litigating the contents of the Terms and Conditions of Cricket's service contract since 2010. The undersigned finds that the Second Amended Complaint is lacking in sufficient factual detail to evaluate this contention and decide the motion on this issue.

The undersigned does agree with Defendant's assertion that Plaintiff's Second Amended Complaint fails when considered under Fed. R. Civ. P. 12(b)(6) and Rule 9(b). Plaintiff Richard Shupe did not plead in the SAC that there is any causal link between the purportedly false information and his purported damages. *See generally*, Second Amended Complaint (Doc. 19). Neither does the complaint comport with the requisite specificity of Rule 9(b). Accordingly, the undersigned finds that the proposed Second Amended Complaint does not state a claim for negligent misrepresentation, and accordingly, amendment would be futile, and recommends that the District Court deny leave to amend.

---

[2] The undersigned does not find, upon review of Plaintiff's SAC or in any of his motions or responses, that Plaintiff alleged a time that he either entered into phone service with Cricket, or that he suffered pecuniary loss as a result of his justifiable reliance on Cricket's false representations. To the best of the undersigned's knowledge, the July and August, 2013 date is cited by Defendant for the first time in its response to Plaintiff's motion to amend (Doc. 19, at 3), presumably as a result of a search of its own internal documents and records once Plaintiff clarified that he had in fact initiated service with Defendant.

- 19 -

### III. RECOMMENDATION

In conclusion, the Magistrate Judge RECOMMENDS that the District Court DENY Plaintiffs' motion to remand (Doc. 5) and Plaintiff Richard Shupe's motion to remand (Doc. 12).

The Magistrate Judge District Court DENY AS MOOT Defendant's motion to dismiss (Doc. 4) and GRANT Defendant's motion to dismiss the Amended Complaint (Doc. 13) with leave to amend.

The Magistrate Judge FURTHER RECOMMENDS that Plaintiffs' motion for leave to file a second amended complaint (doc. 19) be DENIED.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id.* If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

If objections are filed the parties should use the following case number: **CV 13-1052-TUC-CKJ**.

Dated this 13th day of December, 2013.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 20 -